**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KOLADE OLAOYE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:12-CV-04873-M(BH)** |
| | § | |
| **WELLS FARGO BANK, N.A.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been referred for pretrial management. Before the Court for recommendation is *Defendant Wells Fargo Bank, N.A.'s Motion to Transfer, or in the alternative, Rule 12(b)(6) Motion to Dismiss*, filed December 20, 2012 (doc. 5). Based on the relevant filings and applicable law, the defendant's motion to should be **DENIED**, and the motion to dismiss for failure to state a claim should be **GRANTED**.

**I. BACKGROUND**

On November 30, 2012, Kolade Olaoye (Plaintiff) filed a *pro se* complaint against Wells Fargo Bank, N.A. (Defendant) in the United States District Court for the Northern District of Texas, Dallas Division. (*See* doc. 3.) His 26-page complaint consists of 14 virtually incomprehensible single-spaced pages and a marked-up copy of the deed of trust for the real property located at 3012 Cesareo Drive in Grand Prairie, Tarrant County, Texas (the Property). *Id.* It contains no specific facts, claims or legal theories. *Id.*

Plaintiff previously sued Defendant in state court in Tarrant County, Texas, in an attempt to recover the Property after Defendant purchased it at a foreclosure sale in February 2011. *See Olaoye v. Wells Fargo Bank, N.A.*, 4:11-CV-0772-Y (docs. 1, 1-5). Defendant removed the case

to the United States District Court for the Northern District of Texas, Fort Worth Division, and then moved to dismiss it for failure to state a claim.  (*Id.* at docs. 1, 9.)  The Court dismissed Plaintiff's claims for wrongful foreclosure, trespass to try title, suit to quiet title and under the Texas Debt Collection Practices Act (TDCPA) with prejudice on April 2, 2012.  (*Id.* at docs. 16, 17.)  On July 18, 2012, it also ordered Plaintiff to pay Defendant $13,719.27 in attorney's fees and expenses.  (*Id.* at doc. 24.)  Four months later, Plaintiff filed this action in this division.

Defendant now moves to transfer the case to the Fort Worth Division, or in the alternative, to dismiss the case.  Plaintiff failed to respond to the motion.

## II. MOTION TO TRANSFER

### A.    First-to-File Rule

Defendant initially invokes the first-to-file rule as a basis for transfer.  (doc. 5 at 9.)[1]

The "first-to-file" rule provides that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 399, 603 (5th Cir. 1999).  "The rule rests on principles of comity and sound judicial administration", and is concerned with avoiding duplication, rulings which "may trench upon the authority of sister courts, or piecemeal resolution of issues that should be resolved uniformly. *Id.*  It allows courts to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Id.* at 604 (emphasis original).  Consistent with this emphasis on the word "pending", one district court in this circuit has noted that the first-to-file rule is commonly

---

[1]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

applied where two actions are "pending *at the same time*".  *Akins v. Worley Catastrophe Response, LLC*, 921 F.Supp.2d 593, 598 (E.D. La. 2013) (emphasis original) (finding no reason to invoke the rule where the prior collective action had been finally dismissed before the second suit was filed); *see also J2 Global Communications, Inc. v. Protus IP Solutions, Inc.*, 2008 WL 5378010, *3 n. 3 (E.D. Tex. Dec. 23, 2008) ("When the issues raised by two related actions simultaneously pending before two different federal courts substantially overlap, the court in which the later action was filed may refuse to hear it.").  The same considerations for not having cases simultaneously pending in two courts are not present where the first litigation has concluded.  In addition, Defendant has cited no cases applying the first-to-file rule where the first action had already been dismissed at the time that the subsequent action was filed.

Here, it is undisputed that Plaintiff filed this case four months after his lawsuit in the Fort Worth Division was dismissed.  Because the first suit was no longer pending at the time Plaintiff filed this action, the first-to-file rule does not provide a basis for transfer of this case.

**B.      Rule 1404(a)**

Defendant also moves to transfer this case under 28 U.S.C. § 1404.  (doc. 5 at 10.)

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. 28 § 1404(a); *see also Caldwell v. Pal-Metto State Savings Bank of South Carolina, 811 F.2d 916, 919 (5th Cir. 1987); In* re Volkswagon AG, 371 F.3d 201, 203-204 (5th Cir. 2004); *Weinberger v. Tucker*, 391 F. Supp. 2d 241, 243-245 (2005); *Reiffin v. Microsoft Coorp., et al.*, 104 F. Supp. 2d 48, 50-53, 55-56 (2000).  The party seeking to transfer a lawsuit

to a more convenient forum bears the burden of proving that the convenience of parties and witnesses, and the interest of justice are considered. *See Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966).

In deciding a motion to transfer, the court must determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagon AG*, 371 F.3d at 203. Then, the district court must evaluate "a number of private and public interest factors", including "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; ... (4) all other practical problems that make trial of a case easy, expeditious and inexpensive;" (5) "the administrative difficulties flowing from court congestion;" (6) "the local interest in having localized interests decided at home;" (7) "the familiarity of the forum with the law that will govern the case;" and (8) "the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

In this case, Plaintiff's claims could have been filed in the Fort Worth Division. The parties and the Property are all located in that division. Because the complaint is essentially incomprehensible, however, it would not be in the interests of justice to transfer this action. *See Florance v. Buchmeyer,* 500 F. Supp. 2d 618, (N.D. Tex. 2007) (finding that it was not in the interest of justice to transfer a frivolous lawsuit); *Hancock v. Texas Dept. Of Criminal Justice*, 1:12-CV-52, 2012 WL 3598264 (E.D. Tex. Feb. 29, 2012) (finding that it was not in the interest of justice to transfer a case that was "patently frivolous"). As discussed below, the case should instead be dismissed for failure to state a claim.

4

### III.  MOTION TO DISMISS

Defendant moves, in the alternative, to dismiss Plaintiff's complaint under Fed. R. Civ. P. 8(a)(2) and 12(b)(6) for failure to state a claim upon which relief can be granted.  (doc. 5 at 14.)

Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  In turn, Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).  Never-theless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint fails

to state a claim upon which relief may be granted when it fails to plead "enough facts to state a

claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.  The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has
> acted unlawfully.  Where a complaint pleads facts that are "merely consistent
> with" a defendant's liability, it "stops short of the line between possibility and
> plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across

the line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S.

at 570; *accord Iqbal*, 556 U.S. at 678.

    As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion.

*Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196.  When a party presents "matters outside the

pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either

accept or exclude the evidence for purposes of determining the motion.  *Isquith ex rel. Isquith v.*

*Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v.*

*Wireless Toyz  Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  "If . . . matters outside

the pleading[s] are presented to and not excluded by the court," however, "the motion must be

treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P.

12(d).

6

"Pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs.*, 343 F.3d at 725. It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Documents falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment. Here, Plaintiff's complaint references and/or incorporates the Deed of Trust, so it is considered part of the pleadings. *See Katrina Canal Breaches Litig.*, 495 F.3d at 205. The filings in the prior Fort Worth case are matters of public record and may also be considered.

Plaintiff's rambling single-spaced complaint is virtually unintelligible. It repeatedly references syntax and grammar in relation to various legal phrases, but it does not provide any facts to state any plausible claim to relief. It is patently frivolous and should be dismissed with prejudice under Rule 12(b)(6).

## IV.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts

therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1. Nonetheless, courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff failed to respond to the motion to dismiss, Defendant has noted the failure to respond, and he has had ample opportunity to amend his virtually unintelligible complaint but has failed to do so. Additionally, based on the prior lawsuit, it appears that Plaintiff has already stated his best case to the Court with respect to any claims arising from the foreclosure of the Property. No opportunity to amend is therefore warranted under these circumstances.

## V. RECOMMENDATION

Defendant's motion to transfer should be **DENIED**, and the motion to dismiss for failure to state a claim should be **GRANTED**.

**SO RECOMMENDED** on this 29th day of August, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE