IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KOLADE OLAOYE, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 3:12-CV-4873-M-BH |
| | § | |
| WELLS FARGO BANK NA, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Pursuant to Special Order No. 3-251, before the Court is *Defendant Wells Fargo Bank, N.A.'s Motion for Entry of Protective Order under Federal Rule of Evidence 502(d)*, filed October 10, 2013 (doc. 13). Based on the relevant filings and applicable law, the motion is **DENIED**.

### I. BACKGROUND

On November 30, 2012, Kolade Olaoye (Plaintiff) filed this *pro se* action against Wells Fargo Bank, N.A. (Defendant). (Orig. Compl. (doc. 3).) His 26-page complaint consisted of 14 virtually incomprehensible single-spaced pages and a marked-up copy of a deed of trust for real property located in Grand Prairie, Texas, but contained no specific facts, claims or legal theories. (*See id.*) Defendant moved to transfer the case to another venue, and alternatively, to dismiss the complaint for failure to state a claim on December 20, 2012. (doc. 5.) The Court granted Defendant's motion to dismiss and dismissed Plaintiff's claims with prejudice on September 27, 2013. *See Olaoye v. Wells Fargo Bank, N.A.*, No. 3:12-CV-4873-M, 2013 WL 5422888, *1 (N.D. Tex. Sept. 27, 2013) (Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge) (doc. 10). On October 10, 2013, Defendant filed a motion for attorney's fees, attaching "under seal" a copy of the pertinent attorney's fees invoices. (docs. 14; 14-1.) It also filed this motion for a protective order pursuant to Fed. R. Evid. 502(d). (doc. 13.)

## II.  ANALYSIS

Defendant seeks a protective order pursuant to Fed. R. Evid. 502(d), expressly finding that its filing of unredacted invoices in support of its motion for attorney's fees did not waive the attorney-client privilege, the work product doctrine, or any other privilege in this case, or in any other federal or state proceeding.  (doc. 20 at 1–2.)

Rule 502(d) states:

Controlling effect of a court order.—A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d).  Congress added this rule in 2008 for "two major purposes":  (1) resolving some longstanding disputes about the effect of certain disclosures of privileged information-specifically disputes involving inadvertent disclosure and subject matter waiver,[1] and (2) responding to the widespread complaint that litigation costs necessary to protect against waiver of privilege have become prohibitive due to the concern that any disclosure will operate as a subject matter waiver of all protected communication.  *See RIPL Corp. v. Google Inc.*, No. 2:12-CV-02050-RSM, 2013 WL 6632040, at *3 (W.D. Wash. Dec. 17, 2013) (citations omitted); *see also* Fed. R. Evid. 502 Advisory Comm. Note, Rev. Nov. 28, 2007.  The rule "is designed to enable a court to enter an order . . . that will allow the parties to *conduct and respond to discovery* expeditiously, without the need for exhaustive pre-production privilege reviews, while still preserving each party's right to assert the privilege to preclude use in litigation of information disclosed in such discovery."  *Statement of Congressional Intent Regarding Rule*

---

[1] The "waiver of an attorney-client communication waives the privilege as to all other communications relating to the same subject matter."  *See S.E.C. v. Brady*, 238 F.R.D. 429, 441 (N.D. Tex. 2006).

*502 of the Federal Rules of Evidence*, 154 Cong. Rec. H. 7817 (2008), *reprinted in* Fed. R. Evid. 502 Advisory Committee Notes subdivision (d) (emphasis added).[2]

As evidenced by its plain language and its legislative history, Rule 502(d) was intended to protect disclosures made in the context of discovery. *See id.*; *see also* S. Rep. No. 110-264, at 3. Defendant cites no authority discussing the rule's intended purpose or analyzing its applicability in the context of post-judgment motions for attorney's fees. It provides citations to three orders virtually identical to its proffered order in this case that grant motions virtually identical to the one it filed in this case.

Even assuming, without deciding, that Rule 502(d) applies in this context, the cases that have interpreted Rule 502 in the discovery context have expressly noted that the Rule applies to documents or other materials that are conclusively privileged, not those that merely *could* be privileged. *See, e.g.*, *Rajala v. McGuire Woods, LLP*, No. 08-2683-CM-DJW, 2013 WL 50200, at *3 (D. Kan. Jan. 3, 2013) ("In other words, [under Rule 502(d)], a court may fashion an order . . . to limit the effect of waiver when a party inadvertently discloses *attorney-client privileged information or work product materials.*"); *Potomac Elec. Power Co. & Subsidiaries v. United States*, 107 Fed. Cl. 725, 728 (Fed. Cl. 2012) (explaining that Rule 502 "puts in place certain safeguards respecting the inadvertent disclosure of *privileged information*"; also providing a detailed discussion of "the long-standing doctrine governing the scope of privilege waivers" and

---

[2] The Senate Report to then proposed Rule 502 states:
> The bill provides a new Federal Rule of Evidence 502 to limit the consequences of inadvertent disclosure, thereby relieving litigants of the burden that a single mistake *during the discovery process* can cost them the protection of a privilege. It provides that if there is a waiver of privilege, it applies only to the specific information disclosed and not the broader subject matter unless the holder has intentionally used the privileged information in a misleading fashion . . . If a federal court enters an order finding that an inadvertent disclosure of privileged information does not constitute a waiver, that order will be enforceable against persons in federal [and] state proceedings.

S. Rep. No. 110-264, at 3 (Feb. 25, 2008) (emphasis added).

the relationship between the different subsections of Rule 502); *Frye v. Ayers*, No. CIVS990628LKKKJM, 2008 WL 4642783, at *1 n. 1 (E.D. Cal. Oct. 16, 2008), *on reconsideration sub nom. Frye v. Warden, San Quentin State Prison*, 2010 WL 3855178 (E.D. Cal. Sept. 30, 2010) (explaining that Rule 502 "protects parties to litigation against the inadvertent disclosure of *privileged information*") (emphasis added).

The Fifth Circuit has "long recognized the general rule that matters involving the payment of [attorney's] fees . . . are not generally privileged." *In re Grand Jury Subpoena*, 913 F.2d 1118, 1123 (5th Cir. 1990). Such "matters" naturally include attorney's fees invoices. *See, e.g.*, *Hill v. Hunt*, 2008 WL 4108120, at *7 (N.D. Tex. Sept. 4, 2008) ("Ordinarily, invoices for legal fees are not privileged."); *Stonehenge/Fasa-Tex., JDC, L.P. v. Miller*, No. Civ. A. 3:94-CV-0912-G, 1998 WL 826880, at *2 (N.D.Tex. Nov.23, 1998) (holding that the "invoices for legal fees" were not protected by either the attorney-client privilege[3] or the work product doctrine[4] because they were "merely a byproduct of the fact of the representation"). Only when attorney's fees invoices contain "confidential" client information may a privilege be invoked. *See Hill*, 2008 WL 4108120, at *7 (citation omitted).

Here, despite referencing the attorney-client privilege and the work product doctrine (*see*

---

[3] To establish the "attorney-client" privilege, a party must show: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate and (b) in connection with this communication was acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of serving primarily either (i) an opinion on law or (ii) legal service or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been claimed and not waived by the client. *S.E.C. v. Brady*, 238 F.R.D. 429, 438 (N.D. Tex. 2006) (citation omitted).

[4] A party invoking "work product" protection must prove: (1) the materials at issue are documents or tangible things; (2) these materials were prepared in anticipation of litigation or for trial; (3) the materials were prepared by or for a party's representative; and (4) if the party seeks to show that the material is opinion work product, that party must show that the material contains the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party. *Ferko v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 218 F.R.D. 125, 136 (E.D. Tex. 2003).

doc. 20 at 2), Defendant fails to assert or demonstrate that either doctrine applies to the unredacted attorney's fees invoices at issue.  Accordingly, even if Rule 502(d) could be utilized in this context, a protective order under Rule 502(d) is unwarranted given Defendant's failure to show that the invoices are privileged.  *Compare DeGeer v. Gillis*, No. 09 C 6974, 2010 WL 3732132, at *8 (N.D. Ill. Sept. 17, 2010) ("Having found that the disputed communications . . . *are privileged*, the determination of whether the privilege has been waived is governed in part by Federal Rule of Evidence 502.") (emphasis added).

In addition, the cases that have interpreted Rule 502 in the discovery context also note that Rule 502(d) protects parties against "inadvertent" disclosure of privileged information. Because it also fails to address the fact that its filing of the attorney's fees invoices in connection with the motion was not inadvertent, Defendant's motion also fails for this reason.

### III.  CONCLUSION

Defendant's motion for a protective order under Fed. R. Evid. 502(d) is **DENIED.**

**SO ORDERED on this 30th day of December, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE