**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KOLADE OLAOYE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **vs.** | § | **Civil Action No. 3:12-CV-4873-M-BH** |
| | § | |
| **WELLS FARGO BANK NA,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to the *Special Order No. 3-251*, this case was referred for pretrial management. Before the Court for recommendation is *Defendant Wells Fargo Bank, N.A.'s Sealed Motion for Award of Attorneys' Fees and Brief in Support*, filed October 10, 2013 (doc. 22). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and it should be awarded attorneys' fees in the amount of $5,184.80, and costs in the amount of $131.23.

## I. BACKGROUND

On November 30, 2012, Kolade Olaoye (Plaintiff) filed this *pro se* action against Wells Fargo Bank, N.A. (Defendant). (Doc. 3.) His 26-page complaint consisted of 14 virtually incomprehensible single-spaced pages and a marked-up copy of a deed of trust for real property located in Grand Prairie, Texas, but contained no specific facts, claims, or legal theories. (*See id.*) Defendant moved to transfer the case to another venue, and alternatively, to dismiss the complaint for failure to state a claim on December 20, 2012. (Doc. 5.) The Court granted Defendant's motion to dismiss and dismissed Plaintiff's claims with prejudice on September 27, 2013. *See Olaoye v. Wells Fargo Bank, N.A.*, No. 3:12-CV-4873-M, 2013 WL 5422888, *1 (N.D. Tex. Sept. 27, 2013) (Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge) (doc. 10). On October 10, 2013, Defendant filed a motion for attorney's fees, attaching

"under seal" a copy of the pertinent attorney's fees invoices.  (Docs. 14; 14-1.)[1]  Defendant now

seeks an award of attorney's fees and costs based on the following language in the Note and the

Deed of Trust, respectively:

> **(F) Payment of Lender's Costs and Expenses**
> The Lender will have the right to be paid back by me for all of its costs and expenses
> in enforcing this Note to the extent not prohibited by applicable law.  Those expenses
> may include, for example, reasonable attorneys' fees and court costs.

(Doc. 22 at 39.)

> If : (A) I do not keep my promises and agreements made in this Security Instrument,
> or (B) someone, including me, begins a legal proceeding that may significantly affect
> Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate,
> for condemnation or to enforce laws or regulations), then Lender may do and pay for
> whatever is necessary to protect the Lender's rights in the Property.  Lender's actions
> may include appearing in court, paying reasonable attorneys' fees and entering on
> the Property to make repairs. . . .
>
> I will pay to Lender any amounts which Lender advances under this Paragraph 7
> with interest, at the interest rate in effect under the Secured Notes which have not
> been paid.  I will pay those amounts to Lender when Lender sends me a notice
> requesting that I do so. . . . This Security Instrument will protect Lender in case I do
> not keep this promise to pay those amounts with interest.

(Doc. 22 at 22.)  Plaintiff did not respond, and the motion is now ripe for recommendation.

## II.  ANALYSIS

Defendant seeks a post-judgment award of attorneys' fees and costs, citing Federal Rule of

Civil Procedure 54(d) and Texas law.  (doc. 22 at 1, 5-6).

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this

one], 'apply state substantive law and federal procedural law.'"  *Shady Grove Orthopedic Assoc.,*

*P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 417 (2010), quoting *Hanna v. Plumer,* 380 U.S. 460, 465

---

[1]  Citations to the record refer to the cm/ecf system page number at the top of each page rather than the page numbers
at the bottom of each filing.

(1965).   An award of attorneys' fees is governed by state substantive law.   *Chevron USA, Inc. v.*

*Aker Maritime Inc.*, 689 F.3d 497, 505 (5th Cir. 2012), quoting *Mathis v. Exxon Corp.,* 302 F.3d

448, 461 (5th Cir.2002).   Federal procedure, however, requires that claims for attorneys' fees

generally be made by motion filed within 14 days of the entry of judgment pursuant to Fed. R. Civ.

P. 54(d)(2).   *United Industries, Inc. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 766 (5th Cir. 1996); *see*

*also Evanston Ins. Co. v. Graves*, 3:13-CV-959-D, 2013 WL 4505181, *1 (N.D. Tex. Aug. 23, 2013)

("Rule 54(d) does not create a substantive right to attorney's fees.   It is a procedural rule that

provides that a claim for attorney's fees and related nontaxable expenses is to be made by

motion..."); *CSMG Technologies, Inc. v. Allison*, No. 4:07-CV-0715, 2009 WL 2242351, *3 n. 20

(S.D. Tex. July 24, 2009) (party seeking attorney's fees under Texas law in a diversity case must

still follow federal procedural rules).[2]

A.     **Attorneys' Fees**

        Defendant seeks attorneys' fees incurred in prosecuting this suit in the amount of $5,184.80.

(Doc. 22 at 10.)

        Under Texas law, a party may recover attorneys' fees only when allowed by statute or

contract.   *1/2 Price Checks Cashed v. United Auto. Ins. Co.*, 344 S.W.3d 378, 382 (Tex. 2011)

(citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106,

120 (Tex. 2009)); *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310–11 (Tex. 2006).   More

---

        [2]  Defendant did not specifically invoke subsection (2) of Rule 54(d) in its motion, but its request for fees was
made by motion filed less than fourteen days after the Court's entry of judgment in its favor on Plaintiff's claims as
provided by that rule.   (*See* docs. 11, 22.)   Rule 54(d) does not apply in cases where "the substantive law requires those
fees to be proved at trial as an element of damages."   FED. R. CIV. P. 54(d)(2).   The Fifth Circuit recently held that this
same Defendant could recover its attorneys' fees pursuant to very similar contractual language to that in the Note and
Deed of Trust in this case via postjudgment motion.   *See Richardson v. Wells Fargo Bank, N.A.,*__F. 3d __, 2014 WL
274456 (5th Cir. 2014).

specifically, Texas law allows the recovery of attorneys' fees when allowed by language in a deed of trust. *See Velazquez v. Countrywide Home Loans Servicing*, 660 F.3d 893, 899 (5th Cir. 2011).

Here, Defendant bases its request for fees on contractual language in the Note stating that Plaintiff will pay Defendant "for all of its costs and expenses in enforcing this Note." (Doc. 22 at 39.) It also relies on the Deed of Trust, which provides that Plaintiff will pay any amounts incurred by Defendant in protecting the property's value or its rights, including in a legal proceeding with interest. (Doc. 22 at 22.) Under Texas law, the language of the Note and Deed of Trust entitles Defendant to recover the attorneys' fees it incurred protecting its rights to the property. *See Castiblanco v. Wells Fargo Bank, N.A.*, No. H-12-473, 2013 WL 6079519, *3 (S.D. Tex. Nov. 19, 2013).

"Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may award those fees that are 'reasonable and necessary' for the prosecution of the suit." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). In *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997), the Texas Supreme Court identified the following factors to determine the reasonableness of attorney's fees:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
>
> (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at 818 (citing Tex. Disciplinary R. Prof'l Conduct 1.04(b)).  The fee applicant is not required to present evidence on all of the factors, however.  *Weaver v. Jamar*, 383 S.W.3d 805, 814 (Tex. App.–Houston [14th Dist.] 2012, no pet.).  "The trial court may also consider the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties."  *Id.*

In Texas, uncontroverted attorney's testimony or affidavit testifying to the attorney's qualifications, reasonableness of the attorney's fees, and the basis for such opinion may be sufficient to support an award of attorneys' fees.  *See Clary Corp. v. Smith*, 949 S.W.2d 452, 469 (Tex. App.–Fort Worth 1997, no writ) ("Where . . . trial counsel's testimony concerning attorneys' fees is clear, positive and direct, and uncontroverted, it is taken as true as a matter of law.  This is especially true where the opposing party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so.").  "The court, as a trier of fact, may award attorneys' fees *as a matter of law* in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so."  *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (emphasis added).

Here, Defendant submits a declaration from its counsel and billing records.  (*See* doc. 22 at 46-70.)  The attorney's declarations sets out the hourly rates for the attorneys and paralegals who worked on this case, (doc. 22 at 47-48), states that their rates are reasonable based on their skills and

experience (*id.*), and it opines that the fees incurred are reasonable and necessary (doc. 22 at 48). Plaintiff's counsel also provides a summary of actions taken to represent Plaintiff in this lawsuit. (Doc. 22 at 47.)  Plaintiff seeks its attorneys' fees in the amount of $5,184.80, for its work related to the substantive part of this case and it is not seeking fees related to this motion for attorneys' fees and costs.  (Doc. 22 at 8.)  Under Texas law, Plaintiff's evidence is "legally sufficient" for an award of attorneys' fees.  *See In re Estate of Tyner*, 282 S.W.3d 179, 184 (Tex. App–Tyler 2009, no pet.) (". . . attorney swore under oath that he is a licensed attorney, he is familiar with the reasonable and necessary attorney's fees charged for appeals in civil actions such as this case, he has personal knowledge of the services rendered to [the party] in this matter, and those services were reasonable, necessary, and customary. Thus, [the party's] attorney's affidavit sufficiently established reasonable attorney's fees and is legally sufficient to support the trial court's award of attorney's fees."). Plaintiff fails to rebut or controvert Defendant's evidence.  Defendant's requested attorneys' fees are reasonable as a matter of law.  *See Ragsdale*, 801 S.W.2d at 882.  Its motion should be granted.

## B.   Costs

Defendant, relying on Rule 54(d)(1), seeks costs in the amount of $131.23.[3]  (Docs. 21 at 6-7; 27.)

Rule 54(d)(1) states, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  The Fifth Circuit has held that "the prevailing party is prima facie entitled to costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006) (citation omitted).  The decision to award costs "ultimately lies within the sound discretion of the district court." *Marx v. General*

---

[3]According to the invoices submitted by Defendant, the requested costs relate to copying and postage.  (Doc. 22 at 59, 62, 69.)

*Revenue Corp.*, 133 S. Ct. 1166, 1172 (2013). Having prevailed on its motion to dismiss, Defendant

is entitled to its costs of $131.23, and its request for this amount should be granted.

## III.  RECOMMENDATION

Defendant's motion should be **GRANTED,** and it should be awarded attorneys' fees in the

amount of $5,184.80, and costs in the amount of $131.23.

**SO RECOMMENDED on this 28th day of February, 2014.**


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in
the manner provided by law.  Any party who objects to any part of these findings, conclusions and
recommendation must file specific written objections within 14 days after being served with a copy.
*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify
the specific finding or recommendation to which objection is made, state the basis for the objection,
and specify the place in the magistrate judge's findings, conclusions and recommendation where the
disputed determination is found.  An objection that merely incorporates by reference or refers to the
briefing before the magistrate judge is not specific.  Failure to file specific written objections will
bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate
judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See
Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE